IN THE UNITED STATES DISTRICT COURT
OF THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | |
|---|---|
| JUAN R. CASTRO § | |
| § | |
| V. § | No.  5:25CV66-JRG-JBB |
| § | |
| TEXAS A&M UNIVERSITY - § | |
| TEXARKANA, ET AL. § | |

## ORDER

The above-referenced case was referred to the undersigned United States Magistrate Judge for pre-trial purposes in accordance with 28 U.S.C. § 636.  Before the Court are the following pending motions: (1) Defendant's Motion to Dismiss (Dkt. No. 6); and (2) Plaintiff's Unopposed Motion to Leave to File First Amended Petition (Dkt. No. 9). The Court is of the opinion Plaintiff's motion should be **GRANTED** and Defendant's motion should be **DENIED** as moot and without prejudice to refiling.

On June 23, 2025, Defendant filed the above motion to dismiss Plaintiff's original complaint pursuant to FED. R. CIV. P.  12(b)(1), arguing Plaintiff's state law claims under the Texas Commission of Human Rights Act ("TCHRA") and Plaintiff's ADA discrimination and retaliation claims are barred by immunity and Plaintiff also failed to timely exhaust administrative remedies for his TCHRA claims. On July 9, 2025, Plaintiff filed an unopposed motion for leave to file an amended complaint. Dkt. No. 9. According to Plaintiff, his First Amended Complaint clarifies his allegations against Defendant, removes all state claims under Chapter 21 of the Texas Labor Code, and adds claims under Section 504 of the Rehabilitation Act of 1973 ("Section 504") for discrimination, failure to accommodate, and retaliation.

That same day, Plaintiff filed a response to Defendant's motion to dismiss, noting he does not contest dismissal of his TCHRA claims for failure to exhaust. Plaintiff further states he "agrees to dismissal of claims for disability discrimination, failure to accommodate, and retaliation in violation of the Americans with Disabilities Act, as Amended in 2008." Dkt. No. 10 at 1. Plaintiff further notes he has sought leave to amend his complaint to add claims under Section 504, "which are not subject to sovereign immunity" and which are not addressed in Defendant's motion to dismiss. *Id.* at 1-2.

Under Rule 15, a party may amend his pleading either twenty-one days after serving it, or, "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." *Young v. Braum's, Inc*., No. 5:19-CV-00161-RWS-CMC, 2020 WL 11626227, at *2 (E.D. Tex. Nov. 19, 2020) (quoting Fed. R. Civ. P. 15(a)). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." *Id*. Rule 15(a) instructs the court to "freely give leave when justice so requires." *Id*. (citing Fed. R. Civ. P. 15(a)).

Considering Plaintiff filed his proposed amended complaint within twenty-one days after service of Defendant's Rule 12(b)(1) motion to dismiss, and further considering Defendant does not oppose Plaintiff's request to amend, Plaintiff's motion for leave to file a First Amended Complaint is granted. However, the First Amended Complaint attached to Plaintiff's motion for leave contains, in addition to the added claims under Section 504, ADA claims for disability discrimination, failure to engage in the interactive process, failure to accommodate, and retaliation. *See* Dkt. No. 9-1 at 8-14. Plaintiff shall file his First Amended Complaint on the docket, and to the extent he agrees to the dismissal of the ADA claims, Plaintiff's First Amended Complaint should be modified accordingly.

Because Plaintiff's amended complaint will become the operative pleading in this case,[1] Defendant's motion to dismiss the original complaint should be denied as moot and without prejudice to refiling. Accordingly, it is hereby

**ORDERED** that Plaintiff's Unopposed Motion to Leave to File First Amended Petition (Dkt. No. 9) is **GRANTED**. It is further

**ORDERED** that within three days from the date of this Order, Plaintiff shall file his First Amended Complaint, containing only those causes of action Plaintiff intends to assert in this case. It is further

**ORDERED** that Defendant's Motion to Dismiss (Dkt. No. 6) is **DENIED** as moot and without prejudice to refiling.

SIGNED this the 11th day of July, 2025.

_____
J. Boone Baxter
UNITED STATES MAGISTRATE JUDGE

---

[1] "[A]n amended complaint supersedes [an] original complaint and renders it of no legal effect unless the amended complaint specifically refers to and adopts or incorporates by reference the earlier pleading. . . ." *Am. Advisors Grp. v. Robinson*, 2019 WL 8331433, at *4 (quoting *Canal Ins.*, 625 F.3d at 246 n. 2).